**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4141**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEROY FELTON, a/k/a Joe Nelson Felton,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (CR-99-66)

———————————

Submitted:  July 2, 2004                Decided:  July 15, 2004

———————————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Frank W. Dunham, Jr., Federal Public Defender, Larry M. Dash,
Assistant Federal Public Defender, Norfolk, Virginia, for
Appellant.   Paul Joseph McNulty, United States Attorney,
Alexandria, Virginia; Laura Marie Everhart, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Leroy Felton appeals from the district court's order revoking his supervised release and imposing a four-month prison term and a twenty-four month term of supervised release. Felton's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in their view, there are no meritorious grounds for appeal but raising three issues. Felton was advised of his right to file a pro se supplemental brief but did not do so. We affirm.

Counsel contend that the district court erred by revoking Felton's supervised release. Our review of the record convinces us that the preponderance of the evidence established that Felton violated certain conditions of his supervised release. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004). We therefore find no abuse of discretion in the district court's revocation of Felton's supervised release. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (stating standard of review).

Counsel also contend that the district court failed to consider the factors outlined in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004) before sentencing Felton. We find, however, that the district court properly considered the factors set forth in § 3553(a). See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient

if . . . the district court rules on issues that have been fully presented for determination.  Consideration is implicit in the court's ultimate ruling.").

Finally, counsel suggest that Felton's sentence is plainly unreasonable.  Because the district court sentenced Felton to the low end of the suggested sentencing guideline range, <u>see</u> <u>U.S. Sentencing Guidelines Manual</u> § 7B1.4(a), p.s. (2003), we find that the sentence is not plainly unreasonable.

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm.  This court requires that counsel inform their client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believe that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>